**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to lst Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1809

LUIS A. LUGO, ROSA VEGA-CONCEPCION,
AND THEIR CONJUGAL PARTNERSHIP,

Plaintiffs, Appellants,

v.

MIGUEL A. CORDERO, RAMON OCASIO-NAVARRO,
CANDELARIA CUELLO-SUAREZ, NYDIA VERGE, MAGALY ALVERIO,
ELSIE LLOMPART, AND FELICIA RECIO-MANDES,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge

Alice Net Carlo for appellants.
Beatriz M. Rodriguez-Burgos and Jaime Mercado-Almodovar,
Assistant Solicitor General, with whom Fiddler, Gonzalez &
Rodriguez, PSC, Roberto J. Sanchez-Ramos, Solicitor General, and
Vanessa Lugo Flores, Deputy Solicitor General, were on brief for
appellees.

April 11, 2003

**Per curiam.**    Plaintiffs-appellants Luis A. Lugo, his wife, and their conjugal partnership appeal from the district court's decision granting summary judgment to defendants-appellees on appellants' political discrimination claims.    We review the district court's decision de novo, see ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002), but find no error.

Appellant Lugo was the Supervisor of Internal Auditing in the Internal Auditing Office of the Puerto Rico Electric Power Authority (PREPA) in 1997, when a reorganization caused him to be transferred to a supervisory position in a different department, at a higher pay grade with generally the same responsibilities, but at a lower classification level.    Appellants alleged that the reorganization was effectuated in order to demote Lugo due to hostility to his affiliation with the Popular Democratic Party (PDP) by management aligned with the New Progressive Party.    The court held that, assuming Lugo's transfer was a demotion, appellants had not produced evidence to show that appellees knew of, much less were motivated by, Lugo's political persuasion in causing his transfer.

On appeal, appellants make three arguments.    First, they contend that they provided sufficient evidence to allow a reasonable fact finder to determine that appellees were aware of Lugo's political affiliation.    Second, they argue that they adduced sufficient evidence to show that the reorganization was not

legitimate. Third, appellants suggest that the district court erred in making a factual finding that the 1997 reorganization was approved by PREPA's Governing Board.

The district court appropriately began its analysis from the premise that appellants "would have to point to evidence in the record, that if credited, would permit the rational fact finder to conclude that the challenged adverse action occurred and stemmed from a politically based discriminatory animus," in order to overcome appellees' summary judgment motion, citing Rivera-Cotto v. Rivera, 38 F.3d 611, 613-14 (1st Cir. 1994). The court specifically addressed the first two contentions made by appellants on appeal, holding that they did not produce sufficient evidence for a fact finder to conclude either that appellees knew of Lugo's PDP affiliation or that the reorganization was illegitimate. Reviewing the record, we agree with the district court and find no need to elaborate on its thorough treatment of these two points.

Appellants' final argument is that the court incorrectly held that the 1997 reorganization was approved by the Governing Board. The district court precisely held that the Governing Board had approved the reorganization plan promulgated in February 1994. Reviewing this finding for clear error, see Fed. R. Civ. P. 52(a), we find none, as it is evidenced by the Governing Board's Resolve Number 2487, appended to appellees' motion for summary judgment. Although appellants characterize the 1997 reorganization, not

separately approved by the Governing Board, as distinct from the 1994 plan, the 1997 reorganization appears to have been the full implementation of the 1994 plan.

For the reasons stated above, the decision of the district court is **AFFIRMED.**